Ruffin. C. J.
 

 If this be a suit on a penal statute, within the act of 1777, the objection ought to have been taken by plea in abatement, and not by a motion tor a non-suit.
 
 Green
 
 v.
 
 Mangum,
 
 3 Murp. 39.
 

 It is not easy at this day to trace, with entire satisfaction, the defence of retaking on fresh pursuit to its origin, and the reason on which it was admitted. It seems to have been thought at one time, that the pursuit must be actually fresh and close from the immediate period of the escape, so that the debtor might be said to have been at no time beyond the control of the jailor. Afterwards, proceeding on the same notion, it was urged, that, if the prisoner escaped into another County, the escape could not be purged by a retaking, because the sheriff’s power to imprison did not extend beyond his own County, and, therefore, by getting out of it the debtor’s escape became complete. But Lord Coke says, that, by one of those favorable constructions, which the Judges always make-on behalf of the administrators of justice, as far as the law will suffer, it was adjudged no escape, “because the sheriff did all he could and by his fresh suit hath retaken him before any action brought,”
 
 Boyton’s
 
 case, 3 Rep. 43. The substance of the defence, then, came to be considered as consisting in retaking before suit and a detention in custody afterwards, instead of the fiction, that after a retaking in the sheriff’s County the debtor was demeed not to have been out of custodj'. No regard was had, as to the time or place of retaking, provided only it was before suit brought and the debtor was kept in custody thenceforward. The reason, why that should bar a subsequent action for the escape, it would appear, was, that, by such recaption and close custody thereon, the creditor has the benefit of his execution. It was intended asan
 
 *488
 
 encouragement to the sheriff to use his best endeavours to recapture the debtor ; and after the creditor had held out such encouragement by delaying to sue, and, by the consequent efforts of the sheriff, the creditor again got the benefit of his execution, the latter ought not to pursue the sheriff farther. But, whether that was the ground of the admission of the defence or not, it is perfectly certain, that it was recognised as a good defence from a very early period ; and equally certain, that, to constitute it, a retaking before writ sued was indispensable. It was not sufficient, that the sheriff made fresh pursuit in fact, and did all hp could to retake the party. For, in
 
 Ridgeway's
 
 case, 3 Rep. 52, it is explicitly stated, that the creditor may have his action for the escape “before that the sheriff
 
 can
 
 retake him,” who has escaped. If fresh pursuit would of itself do, the creditor’s action would not arise until the sheriff had desisted from the pursuit. But that is clearly not so, but the action arose upon the escape, if brought. In favor of the officer he is allowed to purge the escape by a recaption before he is sued. But there must be such a recapture ; for, in
 
 Whiting
 
 v.
 
 Reynel,
 
 Cro. Ja. 657,
 
 the plea was fresh
 
 pursuit, and a recapture thereon before plea pleaded, and it was adjudged on demurrer to be bad, because, although the sheriff did his best, as admitted by the demurrer, he did not succeed in retaking the debtor before the plaintiff had brought his action. Therefore there must always be an actual retaking. No exception has been adjudged or hinted at, as far as can be discovered.
 
 It is
 
 true,
 
 there
 
 is no case in which the prisoner appears to have died so soon, that the sheriff was unable, by reasonable diligence, to retake him alive. But, in
 
 Chambers
 
 v.
 
 Jones,
 
 11 East 406, the decision went on the principle, that he would be liable in such a case. The evidence was, that after an escape and return of the debtor (which is the same as a retaking) he escaped again, and died before the sheriff
 
 *489
 
 retook him, though he took the body within the prison, yet the plaintiff had judgment, because the action was in law for the first escape, which is not excused unless the sheriff shows a retaking and a detention thereon down to the commencement of the action, or, instead of such detention, a legal discharge. Lord Ellenborougii delivered the opinion of the Court, after time taken for consideration; and it is evident, that all the cases and precedents were looked into on that occasion. Among the cases cited were those of
 
 Whiting
 
 v.
 
 Reynell,
 
 and
 
 Meriton
 
 v.
 
 Briggs
 
 Ld. Ray. 39, with approbation. In the latter case it was contended, that where there is a retaking the first escape is purged, and that, if the party escape again, the action must be for that. But Lord Holt held the contrary clearly, and said both were but one escape. Then, as the death of the debtor out of custody, after one recapture, and a second escape, did not in
 
 Chambers
 
 v.
 
 Jones
 
 purge the first escape, it would seem, that his death before any recapture cannot have that effect. To allow it any operation, would be opening, a door for new and nice enquiries, calculated to relax the efforts of the ministers of the law to keep prisoners safely, and to diminish the security of creditors. For, wc have no rule as to the length of the time the debtor is to live after escaping, in order to charge or excuse the sheriff, or as to the degree of diligence the sheriff shall use, if we once depart from that degree, which proves successful by a retaking. Suppose a prisoner to escape and fly to a foreign country and a public enemy, there is no authority nor reason, that the officer should not be liable. It was his fault, that his prisoner got out of his custody, and it is his misfortune that he could not retake him ; and he must abide the consequences. So it must be likewise, if the party die, while the escape continues. It is said, indeed, that his death is one of those events, which are called the acts of God, and that they hurt no one; and
 
 *490
 
 that, therefore, the officer ought not to be required to produce the body. But that is a misapplication of the maxim, and it really turns the other way. For, from the time of the escape to that of the death, the creditor had a cause of action against the sheriff; and shall the act of God deprive him of it? Unless it does, he must be still entitled to recover.
 

 No notice is taken of the form of the special plea, because we have no statute, like that of W. 3, requiring a retaking to be specially pleaded, and, therefore, the defence was open on the general issue. But, in whatever manner it may be brought forward, it is substantially the same ; and as there is no such precedent as a special plea, which does not allege an actual retaking, so the evidence on
 
 nil debet
 
 must show one.
 

 The judgment must, consequently, be reversed, and judgment given for the plaintiff on the verdict.
 

 Per Curiam.
 

 Judgment for the plaintiff.